The opinion of the Court was delivered by
O’Neall, C. J.
The wife of the deceased is by law enti *633 tied to administration. The Ordinary has no discretion about granting it, unless there be some legal disqualification. Residence has no such effect. It is his duty to see that good and sufficient sureties be given. In Grimke’s Law of Executors, page 193, sect. 16, it is said, “Letters of administration are not of necessity to be granted within the limits of the jurisdiction : the granting thereof being not a judicial, but a ministerial (and therefore not a local) act, wherein the bishop acts, as a person designed and appointed by law.”
The uniform practice is to grant administration to persons living out of the State, if sufficient security be given. This would be enough in a case like the present to make the Court hold its hand, and not intrench upon a course of practice in another forum.
But the practice, in the Ordinary’s Court, has the sanction of the Court of Appeals in Thompson vs. Hucket. There the widow of the deceased, who was living abroad, nominated Hucket as administrator, and though administration had been previously committed to Thompson, the Ordinary, without other cause, revoked his administration, and granted administration to Hucket; 2 Hill, 347. This, beyond all doubt, recognized the widow’s right to administration, notwithstanding she did not live within the State.
I concur fully in the Ordinary’s judgment. The motion to reverse the decision on the appeal is dismissed.
Johnstone and Wakdlaw, JJ., concurred.

Motion dismissed.